935 F.2d 278
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jerry R. RUSHING, Petitioner-Appellant,
v.
Ron CHAMPION, and the Attorney General, State of Oklahoma,
Respondents-Appellees.
 No. 90-5238.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Jerry R. Rushing appeals pro se from the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Petitioner was convicted of first degree murder of his wife in 1980 and sentenced to life imprisonment. His conviction was affirmed in Rushing v. State, 676 P.2d 842 (Okla.Crim.App.1984). Petitioner exhausted his state remedies and the district court issued him a certificate of probable cause to advance this appeal.
 
 
 2
 Petitioner sought federal habeas review in July 1987; the petition was dismissed six months later. Petitioner filed the instant action, his second Sec. 2254 petition, in September 1988. Petitioner presented affidavits by his two children that they witnessed someone else committing the murder. He claimed: (1) he was denied due process because this evidence was not presented at trial, and (2) the state district attorney violated Brady v. Maryland, 373 U.S. 83 (1963), by not disclosing this exculpatory evidence to the defense.
 
 
 3
 The state moved to dismiss petitioner's second Sec. 2254 action as an abuse of the writ. See R. 9(b), Rules Governing Sec. 2254 Cases in the United States District Courts. The district court, however, adopted the recommendation of the magistrate judge that, because petitioner did not grasp the import of his children's allegations at the time of his first Sec. 2254 petition, "there was no deliberate withholding or inexcusable neglect" giving rise to an abuse of the writ. I R. doc. 15 at 4; doc. 16. Without an evidentiary hearing, the district court subsequently determined that the prosecution did not know of the children's claim at the time of petitioner's trial; hence, no suppression of exculpatory evidence occurred. The district court further held that, even if the state knowingly had withheld the children's testimony, the evidence was not material under Brady to the question of defendant's guilt.
 
 
 4
 "In a habeas corpus proceeding, 'a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.' " Ford v. Wainwright, 477 U.S. 399, 410 (1986) (quoting Townsend v. Sain, 372 U.S. 293, 312-13 (1963)). On the other hand, "a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction ..., shall be presumed to be correct, and an evidentiary hearing not required." Id. (quoting 28 U.S.C. Sec. 2254(d)). Here, petitioner alleged in his complaint that the state prosecutors knowingly withheld exculpatory evidence from the defense. Although the district court appears to have found that the prosecution was unaware of the alleged exculpatory evidence, we are unsure of the record origin of this finding. To the extent that this point is dispositive of the Brady claim, the district court should on remand consider whether an evidentiary hearing is required. See Stano v. Dugger, 901 F.2d 898 (11th Cir.1990) (standards for granting evidentiary hearing for Brady claim). See also Aldrige v. Dugger, 925 F.2d 1320, 1325-26 (11th Cir.1991) (result of trial would not have been different; Brady claim fails and no evidentiary hearing required); Delap v. Dugger, 890 F.2d 285, 298-99 (11th Cir.1989) (same), cert. denied, 110 S.Ct. 2268 (1990). We recognize that even assuming petitioner's allegations to be true, he still must state a valid Brady claim to be entitled to an evidentiary hearing. See Townsend, 372 U.S. at 312.
 
 
 5
 The district court also determined that, even if the prosecution withheld evidence concerning the children's statements, such evidence was not material under Brady. The district court relied upon the Supreme Court's holding in Sumner v. Mata, 449 U.S. 539, 550 (1981), that factual findings by a state court are presumptively correct in federal habeas actions. Consequently, the district court adopted the holding of the Oklahoma Court of Criminal Appeals that the jury's verdict would have remained the same had the eyewitness testimony been presented at trial. See Rushing v. State, 676 P.2d at 856. The district court's approach is not entirely consistent with our holding in United States v. Buchanan, 891 F.2d 1436 (10th Cir.1989), cert. denied, 110 S.Ct. 1829 (1990), that "the materiality of withheld evidence under Brady and its possible effect on the verdict are mixed questions of fact and law reviewed de novo." Id. at 1440. Petitioner should be accorded a de novo review of the materiality of the allegedly withheld evidence, although the district court will rely upon state court factual findings concerning the underlying events.
 
 
 6
 Notwithstanding the above concerns, we decline to resolve this case on the merits at this stage. As an essential preliminary matter, we would prefer that the abuse of the writ question be reconsidered by the district court in light of recent Supreme Court authority. The district court based its holding that petitioner had not abused the writ on the fact that he did not grasp the legal import of the allegedly withheld evidence at the time of his first federal habeas action. Subsequently, the Supreme Court released its opinion in McCleskey v. Zant, 111 S.Ct. 1454 (1991), holding that abuse of the writ questions are analyzed under the same cause and prejudice standard as used for state procedural defaults with an exception to the cause requirement in a narrow category of cases involving a fundamental miscarriage of justice. Id. at 1468-70. Because the McCleskey holding alters the analysis utilized by the district court, we believe that court should be afforded the first opportunity to consider the effect of this supervening authority. If the district court determines that abuse of the writ is not present, then it should resolve the Brady claim consistent with this order and judgment. Accordingly, we VACATE the judgment of the district court and REMAND for further consideration in light of McCleskey.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3