19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry R. RUSHING, Petitioner-Appellant,
v.
Ron CHAMPION and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-5042.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Jerry R. Rushing appeals the district court's denial of his petition for writ of habeas corpus based on its conclusion that the evidence Mr. Rushing claims should have been disclosed to him under the principles of Brady v. Maryland, 373 U.S. 83 (1963), was not exculpatory and thus not subject to disclosure. A claim that the state failed to disclose evidence as required under Brady is reviewed by this court de novo. United States v. Buchanan, 891 F.2d 1436, 1440 (10th Cir.1989), cert. denied, 494 U.S. 1088 (1990). Because we find that some of the evidence at issue here may have been useful in impeaching the state's chief witness, we vacate the judgment of the district court and remand this case for further consideration.
 
 
 4
 Mr. Rushing was convicted of the first-degree murder of his wife in the district court of Garfield County, Oklahoma, and sentenced to life imprisonment. His conviction was affirmed by the Oklahoma Court of Criminal Appeals. Rushing v. State, 676 P.2d 842 (Okla.Crim.App.1984). After exhausting his state remedies, Mr. Rushing filed a petition for writ of habeas corpus under 28 U.S.C. 2254, alleging that certain exculpatory evidence was withheld from him at the time of his trial. Accompanying the petition were affidavits from two of Mr. Rushing's children, dated August 1985, stating that they had witnessed someone else commit the murder. Without holding a hearing, the district court determined that the prosecution did not know of the children's claims at the time of the trial and that, even if the state had known of this evidence, it would not have been material under Brady to the question of Mr. Rushing's guilt. Because of uncertainty as to the record origin of the district court's conclusions, this court vacated the district court's judgment and remanded the case, suggesting that an evidentiary hearing into the matter might be appropriate. Rushing v. Champion, No. 90-5238, 1991 WL 99034, at * 1 (10th Cir. June 6, 1991).
 
 
 5
 Upon remand, the district court convened an evidentiary hearing into the matter of the Rushing children's testimony.[2] While under oath, Jerry Chuck Rushing recanted the substance of his 1985 affidavit and admitted that he had lied in order to help his father. See Attach. 1 to Principal Br. of Pet'r at 15-16. Based on this testimony, the district court found that the allegedly undisclosed evidence was not exculpatory and that, even if it had been disclosed to the defense, it would not have materially altered the outcome of the trial. See id. at 17. We find no error with this conclusion as it related to Jerry Chuck's 1985 affidavit. That, however, is not the end of this matter.
 
 
 6
 On August 14, 1992, before the evidentiary hearing, the state filed its supplemental response to the habeas corpus petition. It is undisputed that, in that response, and for the first time in the long history of this case, the state revealed that it had in its possession the transcript of a tape-recorded statement given by the then eight-year-old Jerry Chuck Rushing regarding the events he had witnessed on the night of his mother's murder. That transcript was entered into evidence at the habeas hearing as Exhibit 1. Id. at 12-13. Our review of this case convinces us that Jerry Chuck's 1980 statement should have been disclosed to the defense under the principles of Brady and that the district court erred in failing to focus attention on that piece of evidence.
 
 
 7
 The details of the state trial are recited by the Oklahoma Court of Criminal Appeals in its review of Mr. Rushing's conviction. See Rushing, 676 P.2d at 845-48. The state's primary witness at trial was a woman named Jerry Pollard. She testified that she and Mr. Rushing went to the residence of Mr. Rushing's estranged wife, Debra, and that while inside the house a gun battle ensued in which Mr. Rushing killed Debra. Ms. Pollard was the only witness whose testimony directly established Mr. Rushing as the killer. Ms. Pollard's testimony was contradicted by Mr.Rushing and by a third party to the incident, Ms. Quanita Renee Washington.
 
 
 8
 In his recorded statement to the police shortly after his mother's murder, Jerry Chuck Rushing indicated that there were six people in the house when his mother was murdered. Three of the people were the Rushing children. The other three, all adults, were his mother, his father, and a third woman the boy identified as Quanita Renee Washington. This statement directly contradicted the testimony of Ms. Pollard, the state's key witness, that she had witnessed the murder, and could have been used by the defense for impeachment purposes.
 
 
 9
 The district court focused its analysis on the exculpatory aspect of the Brady rule, and while we agree that Jerry Chuck's 1980 statement to the police does not exculpate his father, we note that Brady is not limited solely to exculpatory material. Impeachment evidence must also be disclosed by the prosecution to satisfy the Brady mandate. United States v. Bagley, 473 U.S. 667, 676 (1985). "Such [impeachment] evidence is 'evidence favorable to an accused,' Brady, 373 U.S., at 87, so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." Id.
 
 
 10
 Having established that Jerry Chuck's 1980 statement was impeachment evidence subject to disclosure under Brady, however, does not end the analysis. Under Brady, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." Brady, 373 U.S. at 87 (emphasis added). Upon our conclusion that this evidence may have been potentially useful to the defense for impeachment purposes, it remains for the district court to determine whether the evidence "is material either to guilt or to punishment." Jerry Chuck's 1980 statement will be material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682.
 
 
 11
 It is clear from the district court's order that it did not consider the effect Jerry Chuck's 1980 statement may have had on the course of Mr. Rushing's defense. To that end, the district court on remand should review the state court trial record considering "directly any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defendant's case." Id. at 683.[3]
 
 
 12
 The reviewing court should assess the possibility that such effect might have occurred in light of the totality of the circumstances and with an awareness of the difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's incomplete response.
 
 
 13
 Id. As part of this process, the district court should consider conducting an additional evidentiary hearing regarding the materiality of the 1980 statement. Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this order.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court hearing did not inquire into the veracity of Terry Rushing's 1985 affidavit, and Mr. Rushing does not argue here for its relevance to his Brady claim
 
 
 [3]
 Mr. Rushing's trial counsel had requested disclosure of any evidence which may have impeached the credibility of any government witness. See R. Supp. Vol. I, Exh. E